AMICABLE LIFE INS. CO. v. KENNER et al. (No. 5269.)

(Court of Civil Appeals of Texas. San Antonio. April 22, 1914.)

1. APPEAL AND ERROR (§ 569*)—STATEMENT OF FACTS—PARTIES SIGNING.

It was not necessary for certain defendants to sign the statement of facts, where their interest was not affected by the appeal, and appellant does not complain of the judgment as to them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. CORPORATIONS (§ 82*)—REPRESENTATION BY AGENT.

Where defendant's agent received money for it on a stock subscription, defendant was liable for the money in its agent's hands, and hence was liable for its return, if the contract under which the money was paid required its return in certain contingencies, which happened.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 285–295; Dec. Dig. § 82.*]

3. CORPORATIONS (§ 76*)—STOCK — SUBSCRIPTION CONTRACTS—REPUDIATION.

Where notes given for corporate stock were attached to and made a part of the subscription contract, the rejection of the notes, together with the failure to deliver the shares to the person contracting for them, justified him in concluding that the subscription contract had been rejected.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 197–209, 213–218; Dec. Dig. § 76.*]

4. PRINCIPAL AND AGENT (§ 169*)—AUTHORITY OF AGENT—ESTOPPEL TO DENY.

One who authorized another to make contracts as agent for the sale of corporate stock cannot deny the agent's authority to make the particular contract made, where it ratified the form of the contract, and sought to recover on it in a cross-action, when sued to recover payments made under it.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 636, 637; Dec. Dig. § 169.*]

5. CORPORATIONS (§ 88*)—STOCK—SUBSCRIPTION CONTRACTS.

Where a stock subscription contract provided that $5 a share should be paid in cash to the corporation's agents as compensation for their services in procuring the contracts, the corporation could not object that the agents accepted a less sum from the purchaser, except that, in case of the rejection of the contract, it was bound to return the sum accepted by the agents under the provision of the contract requiring the return of the amount paid in case the contract was rejected.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 337–364, 425–428; Dec. Dig. § 88.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by E. B. Kenner against the Amicable Life Insurance Company and others, in which defendant named filed a cross-action. From a judgment for plaintiff against the defendant named and another, it appeals. Affirmed.

Spell & Sanford and W. W. Naman, all of Waco, for appellant. Stewarts and J. E. Quaid, all of Galveston, for appellees.

FLY, C. J. E. B. Kenner sued appellant H. M. Baine & Co. and L. C. Gibbs to recover the sum of $250, an amount alleged to have been paid to Gibbs and Baine & Co. on certain shares of stock in the corporation. A receipt for the sum of $500 was copied into the petition, in which it is recited: "Received of Dr. E. B. Kenner, of Galveston, the sum of $500.00 as part payment for 100 shares of the capital stock of Amicable Insurance Company of Waco, Texas, as set forth in his subscription contract numbered same as this receipt and bearing even date herewith. Should said subscription contract be not accepted by said company, the amount paid as per this receipt will be returned, together with note settlement as per back of receipt." The receipt was signed "H. M. Baine & Company, Fiscal Managers, by M. M. Leach, Secretary," and countersigned by "L. C. Gibbs, Salesman." Appellant interposed a plea of privilege, which was overruled, and then answered that the money was not paid to nor received by appellant, but, if paid at all, was paid to H. M. Baine and L. C. Gibbs, and that only $250 was paid to them by Kenner, and that neither Baine nor Gibbs were acting for appellant in receiving the money. Kenner dismissed as to Baine & Co., and their plea of privilege was sustained as to the cross-action of appellant, and judgment was rendered in favor of Kenner against appellant and Gibbs for $250.

[1] Kenner and appellant agreed to the statement of facts, and it was approved by the trial judge. It was not signed by H. M. Baine & Co. or L. C. Gibbs, and Kenner seeks to strike out the statement of facts because not signed by those parties. There is no complaint made by appellant of the judgment as to Gibbs and Baine & Co., and this appeal can in no manner affect their interest, and therefore there was no necessity for them to sign the statement of facts.

It was provided in the subscription contract that $5 of the $27.50 a share agreed to be "paid to H. M. Baine & Co., fiscal manag-

ers, in cash on date of this subscription, to be appropriated by them as compensation for selling and distributing the stock hereby subscribed for, and $22.50 per share to be paid at Waco, Texas. * * * " It was also provided in the subscription contract: "Said company alone has the right to accept or reject this subscription contract. If accepted, the amount of $5.00, specified above as paid in cash to H. M. Baine & Co., on date hereof, shall be considered as duly earned by them, and not to be refunded to me under any conditions. If rejected, total payment made on date hereon shall be returned to me." The contract was negotiated with L. C. Gibbs, was signed by E. B. Kenner, and $250 was paid by Kenner to Gibbs for Baine & Co. H. M. Baine & Co. which was the style under which H. M. Baine was doing business, was the fiscal agent of appellant, and had the authority to receive the $5 per share and to solicit and receive subscription contracts. L. C. Gibbs was the agent for Baine, and was recognized as such by appellant.

[2] Baine was acting for appellant in receiving the money from Kenner, no matter what was to be done with the money when collected. Appellant could not evade its responsibility for the money on the ground that it never came into its hands. When it was placed in Baine's hands, and when it was contracted that, under certain circumstances, it should be returned, it was contracted that appellant should return the money.

The testimony showed that the words making all of the three notes given by Kenner to Gibbs payable on March 12, 1912, were interlined by Gibbs without the knowledge or consent of Kenner. Appellant admits that Gibbs was its agent in making the contract, in which Gibbs took three notes payable to him, instead of to appellant.

[3] The notes were attached to and made a part of the contract, and the rejection of the notes was a rejection of the contract. The rejection of the notes, taken with the failure to send the shares to Kenner, was amply sufficient to justify the latter in acting upon the conclusion that the contract had been rejected.

[4, 5] All the changes made in the contract by Gibbs were ratified by appellant, and it seeks in a cross-action to recover against Kenner on that contract. It cannot be heard to deny the authority of Gibbs to make the contract. The object of the provision in the contract that $5 a share should be paid in cash to its agents and was to be their property was to secure the agents their pay in cash. If they saw proper to take a less sum in cash, it did not concern appellant, except that it became liable, in case of rejection of the contract, for the return of a less sum of money. It is singularly inconsistent to contend in one breath that the contract was invalid because it was not the printed form, and in the next insist that it had accepted the contract, and that Kenner should be compelled to comply with its terms.

The judgment is affirmed.